**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00244-CR**
**NO. 09-14-00245-CR**
**NO. 09-14-00246-CR**

_____

**KEVIN WILLIAM PEHM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 13-15892, 13-15893, 13-15894**

_____

**MEMORANDUM OPINION**

In these three appeals, court-appointed appellate counsel representing Kevin William Pehm submitted briefs that contend no arguable grounds can be advanced to support arguments that would result in our reversing the trial court's judgments. The judgments at issue in these appeals reflect that Pehm was convicted, in each case, on charges of theft, and that all of the convictions are state-jail felonies. *See*

1

Tex. Penal Code Ann. § 31.03(a), (e)(4) (West Supp. 2014). Based on our review of the records, we agree with appellate counsel that no arguable issues exist to support Pehm's appeals. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In the cases on appeal, Pehm pled guilty to the indictments, each of which alleged that he committed theft. In Trial Cause Numbers 15893 and 15894, Pehm's charges were state jail felonies based on his prior convictions for theft. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D). In Trial Cause Number 15892, Pehm pled guilty to stealing property that had a value of between $1,500 and $20,000. *See id.* § 31.03(e)(4)(A). In each case, the trial court found Pehm guilty, and in each case the trial court entered a judgment assessing a two-year sentence and a $500 fine. After pronouncing the sentences, the trial court suspended the sentences, and placed Pehm on probation for five years.

Subsequently, the State filed motions alleging that Pehm violated the orders governing the terms of his probation. Pehm pled "true" to the allegations in the State's motions, and the trial court revoked its orders of probation. After setting aside the orders of probation, the trial court rendered judgments, each of which requires that Pehm serve a sentence of two years in a state jail.

In his appeals, Pehm's appellate counsel filed briefs, and the briefs present counsel's professional evaluation of the record. In the briefs, Pehm's counsel

2

concludes that Pehm's appeals are frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted extensions to allow Pehm additional time to file *pro se* briefs; however, he did not respond.

After reviewing the appellate records and the *Anders* briefs filed by Pehm's counsel, we agree with counsel's conclusions that any appeal would be frivolous. Consequently, we need not order the appointment of new counsel to re-brief Pehm's appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[1]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 23, 2014
Opinion Delivered January 21, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1]Pehm may challenge our decisions in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.